```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WEST VIRGINIA HIGHLANDS CONSERVANCY,**
**WEST VIRGINIA RIVERS COALITION and**
**SIERRA CLUB,**

        **Plaintiffs,**

**v.**  //  CIVIL ACTION NO. 1:11cv71
                                (Judge Keeley)

**MONONGAHELA POWER COMPANY, doing**
**business as First Energy Corp.,**

        **Defendant.**

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22]
AND MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
[DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]

    This case arises as a citizen suit brought pursuant to the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq. Before the Court are the plaintiffs' motions to amend their complaint and the defendant's motions to dismiss the plaintiffs' complaint. For the reasons stated at a hearing held on December 8, 2011 and discussed below, the Court **GRANTS** the plaintiffs' motion to amend their complaint (dkt. no. 22), **GRANTS** the plaintiffs' motion to substitute a first corrected amended complaint (dkt. no. 28), **DENIES** the defendant's motion to dismiss based on abstention or, alternatively, to issue a stay (dkt. no. 11), and **DENIES WITHOUT PREJUDICE** the defendant's motion to dismiss (dkt. no. 30).

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER        1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

**I.**

The CWA was enacted "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251. The CWA prohibits unpermitted discharges of pollutants into the navigable waters of the United States. 33 U.S.C. § 1311(a). Any such discharge must be in compliance with a National Pollutant Discharge Elimination System ("NPDES") permit or NPDES-equivalent permit issued to the discharging party. 33 U.S.C. § 1342. These permits are issued by the U.S. Environmental Protection Agency ("EPA") or by a state agency under an EPA-approved State Pollutant Discharge Elimination System Permit program. 33 U.S.C. § 1342(b). West Virginia has an approved permit program codified in the West Virginia Water Pollution Control Act ("WVWPCA") and its accompanying regulations. See W. Va. Code § 22-11-1 et seq.; West Virginia Code of State Rules ("WVCSR") § 47-10-1 et seq. This program allows the West Virginia Department of Environmental Protection ("WVDEP") to issue NPDES-equivalent discharge permits ("WV/NPDES" permits).

The Clean Water Act allows a citizen to "commence a civil action on his own behalf ... against any person ... who is alleged

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER      1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation [.]" 33 U.S.C. § 1365(a)(1). The definition of an "effluent standard or limitation" includes an NPDES "permit or condition thereof [.]" 33 U.S.C. § 1365(f).

## II.

### A.

The defendant, Monongahela Power Company ("Mon Power"), operates the Albright Power Station ("Albright"), a coal-fired power plant, in Preston County, West Virginia. Since 1987, Mon Power has held a WV/NPDES permit, Permit No. WV0075281, which regulates Albright's discharge of pollutants into the surrounding tributaries ("Albright tributaries").

The 2008 amendments to the West Virginia Code of State Rules ("WVCSR") lowered the permissible levels of arsenic, a toxic pollutant, for both Category A (human consumption) waters and Category C (recreational use) waters. See WVCSR § 47-2 app'x E. Specifically, the WVCSR now dictate that both Category A and

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER          1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

Category C waters can contain no more than 10 parts per billion of arsenic. Id. The WVDEP further classified the Albright tributaries as Category C waters and also, for the first time, as Category A waters.

Over Mon Power's objection, on January 27, 2010, the WVDEP reissued WV/NPDES Permit No. WV0075281 with the new, lowered arsenic limits of 0.01 mg/L monthly, with separate daily limits for the individual tributaries. The reissued permit, with its revised effluent limitations, became effective on February 26, 2010.

Mon Power appealed the reissued permit to the Environmental Quality Board on February 25, 2010, arguing that the new discharge limitations were inappropriate given the actual character and use of the Albright tributaries. During the course of the appeal, however, it became apparent that the WVSCR would need to be formally changed before the effluent limitations in Mon Power's permit could be altered. Accordingly, Mon Power reached what it characterizes as an informal e-mail "settlement" with the WVDEP, and it voluntarily withdrew its appeal on June 29, 2010.

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER        1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

In its e-mail exchange with the WVDEP, Mon Power expressed its desire to formally seek reclassification of the Albright tributaries per the rulemaking process outlined in WVCSR § 46-6-4.2, which permits "[a]ny person seeking reclassification of a designated use of a stream" to file an application with the WVDEP. In turn, the WVDEP agreed to review Mon Power's timely application and follow the procedures outlined in WVCSR § 46-6-4.3, namely, deciding in its discretion whether Mon Power's "requested designated use reclassification is warranted" such that the WVDEP should propose a legislative amendment to the regulations. The e-mail exchange further stressed that the interim compliance schedule of the existing permit would not be extended. As of the date of this Order, this process remains ongoing.

On May 9, 2011, the plaintiffs, West Virginia Highland Conservancy, West Virginia Rivers Coalition, and Sierra Club (collectively "the plaintiffs"), filed a complaint in this Court pursuant to the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365. The plaintiffs allege that Mon Power has discharged and continues to discharge impermissible amounts of arsenic into the waters of the United States in violation of its current

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER        1:11cv71**

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]

WV/NPDES permit. The plaintiffs have identified fourteen (14) separate permit violations occurring between July 2010 and November 2010.

**B.**

On November 14, 2011, the Court requested that the parties brief whether the complaint had adequately pled the plaintiffs' organizational standing. In response to this inquiry, on November 17, 2011, the plaintiffs moved to amend their complaint pursuant to Fed. R. Civ. P. 15(a) (dkt. no. 22) and, on December 1, 2011, moved to correct a factual error in that amended complaint (dkt. no. 28). With no objection from Mon Power, the Court **GRANTED** both of these motions at the December 8, 2011 hearing in this matter, finding that the allegations in the First Corrected Amended Complaint were sufficient to plead organizational standing. At the defendant's request, the Court then construed Mon Power's December 7, 2011 response to the plaintiff's motion to amend as a motion to dismiss (dkt. no. 30), which the Court then **DENIED WITHOUT PREJUDICE** subject to refiling  upon the completion of the first phase of

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER        1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

discovery. The Court now turns to Mon Power's motion to dismiss based on abstention or, alternatively, issue a stay (dkt. no. 11).

### III.

#### A.

"Abstention doctrines constitute 'extraordinary and narrow exception[s]' to a federal court's duty to exercise the jurisdiction conferred on it." Martin v. Stewart, 499 F.3d 360, 363 (4th Cir. 2007) (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 728 (1996)). The doctrine of Burford abstention, named for Burford v. Sun Oil Co., 319 U.S. 315 (1943), allows a federal court to refrain from interfering with complex state regulatory schemes "[w]here timely and adequate state-court review is available," New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989) ("NOPSI"), if a case

> [1] presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result then at bar, or [2] if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

Quackenbush, 517 U.S. at 726-27 (quoting NOPSI, 491 U.S. at 361). There is no "formulaic test" for applying Burford abstention;

7

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER        1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

despite the doctrine's "many different forks and prongs, [its] central idea has always been one of simple comity." MLC Automotive, LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008) (quoting Johnson v. Collins Entm't Co., 199 F.3d 710, 710 (4th Cir. 1999)).

**B.**

Mon Power's abstention argument hinges largely on its characterization of the plaintiffs' claims. Mon Power asks the Court to abstain from this case because the plaintiffs' claims are an impermissible collateral attack on a permitting decision of the WVDEP, i.e., "the [WVDEP's] decision to resolve a permit dispute by seeking modification of a rule that informs the questioned limits." (Dkt. No. 12 at 9). The plaintiffs, in contrast, characterize their claim as a straightforward enforcement action brought against Mon Power for violations of the effluent limitations contained in a WV/NPDES permit, to which Burford abstention does not apply.

Mon Power relies heavily on Palumbo v. Waste Technologies Indus., 989 F.2d 156 (4th Cir. 1993). In Palumbo, the defendant had obtained hazardous waste permits from both the federal and state EPAs. The plaintiffs brought suit under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 et seq., "challenging

8

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER**   **1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

the validity of the defendants' state and federal hazardous waste permits, and seeking to enjoin the eventual operation of the East Liverpool incinerator." Id. at 158. The Fourth Circuit found that Burford abstention was appropriate "[t]o the extent the plaintiffs challenge separately the permitting decisions of the Ohio EPA." Id. at 159. This general rule, that a district court should abstain under Burford if a suit brings a collateral attack against a state-issued permit, has been reaffirmed by the Fourth Circuit and followed by this Court. See Sugarloaf Citizens Ass'n v. Montgomery County, Md., No. 93-2475, 1994 WL 447442, at *4 (4th Cir. 1994); Jamison v. Longview Power, LLC, 493 F.Supp.2d 786, 792 (N.D. W. Va. 2007).

Mon Power's attempt to recharacterize the plaintiffs' rather ordinary citizen enforcement suit as a collateral attack on an agency decision is unavailing. The plaintiffs, as citizens, have brought a suit pursuant to 33 U.S.C. § 1365 for violation of 33 U.S.C. § 1311(a), which prohibits any discharge of pollutants that is inconsistent with 33 U.S.C. § 1342, or, put differently, in violation of a NPDES permit. The complaint makes no mention of, and seeks no relief against, Mon Power's current attempts to alter the

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER      1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

WVCSR so that it may seek modification of its permit. The current effluent limitations in WV/NPDES Permit No. WV0075281 have not been suspended or modified and are, as such, currently enforceable against Mon Power through a CWA citizen suit.

### C.

Having characterized the plaintiffs' claims as an ordinary citizen suit brought pursuant to the CWA, the Court now turns to the application of the Burford abstention doctrine.

### 1.

The first step in the Burford abstention analysis is whether "timely and adequate state court review" is available. NOPSI, 491 U.S. at 361. "Only if a district court determines that such review is available, should it turn to the other issues." Riley v. Simmons, 45 F.3d 764, 771 (3d Cir. 1995).

There is no citizen enforcement provision in the West Virginia Water Pollution Control Act. See W. Va. Code § 22-11-1 et seq. Accordingly, the plaintiffs would not be able to get "timely and adequate" review of their enforcement claims in state court, and the threshold requirement of Burford abstention cannot be met. See

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER        1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
 DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

Ohio Valley Environmental Coalition v. Maple Coal Co., -- F. Supp. 2d --, 2011 WL 3874576, at *20 (S.D. W. Va. 2011)("West Virginia does not have a citizen suit provision through which Plaintiffs could obtain state court review of their enforcement challenges."). Although Mon Power argues that the rulemaking process contained in the WVCSR provides the plaintiffs with an adequate forum for their claim, this "would only be dispositive if Plaintiffs' current actions were seeking a review of those proceedings; instead, Plaintiffs are pursuing [a] federal citizen enforcement action." Id. (quoting Ohio Valley Environmental Coalition, Inc., et al. v. Coal-Mac, Inc., 775 F.Supp.2d 900, 917 (S.D. W. Va. 2011)).

**2.**

Citizen enforcement suits under the CWA also do not present "difficult issues of state law bearing on policy problems of substantial public import whose importance transcends the result in the case . . . at bar," as would warrant Burford abstention. Quackenbush, 517 U.S. at 726-27 (quoting NOPSI, 491 U.S. at 361). To the contrary, the regulation of water pollution is a matter of both state and federal concern, as evidenced by the cooperative structure of the CWA and the WVWPCA. See, e.g., Coal-Mac, 775

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER        1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

F.Supp.2d at 918 (the questions in citizen suits "are not complicated questions of state law; they are complicated questions regarding the overlap of federal and state law provisions"); see also Or. State Pub. Interest Research Grp., Inc. v. Pac. Coast Seafoods Co., 341 F.Supp.2d 1170, 1178 (D. Or. 2004) ("To avoid violating federal law [under the CWA], state laws and regulations must satisfy specific requirements set forth in the federal laws and regulations. Accordingly, state courts have no greater competence or expertise than federal courts in interpreting such laws.").

**3.**

Finally, adjudication of CWA citizen enforcement suits in federal court does not "disrupt[] . . . state efforts to establish a coherent policy with respect to a matter of substantial public concern," and, as such, these suits do not implicate the remaining Burford concerns. Quackenbush, 517 U.S. at 726-27 (quoting NOPSI, 491 U.S. at 361). Here, as the plaintiffs are merely seeking compliance with an existing WV/NPDES permit, the Court's involvement in this dispute will serve to enforce, and not disrupt,

12

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER       1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

West Virginia's environmental policy. See Coal-Mac, 775 F.Supp.2d at 918 (no disruption of state policy in CWA enforcement suit).

**D.**

A district court typically abstains under Burford in the interests of comity and to avoid federal court involvement in matters of essentially local concern. See MLC Automotive, 532 F.3d at 280. A citizen suit brought pursuant to the cooperative federalism structure of the CWA, however, involves matters of both federal and state concern and, even more importantly, is brought pursuant to a specific statutory structure which grants federal courts jurisdiction over those claims. See, e.g., Long Island Soundkeeper Fund, Inc. v. New York City Dept. of Envtl. Protection, 27 F.Supp.2d 380, 385 (E.D.N.Y. 1998) (abstaining from CWA citizen suit would "essentially deprive [the plaintiffs] of the statutory right that Congress saw fit to confer upon them").

As Judge Copenhaver recently noted in Maple Coal Co., "'[i]f the Court abstains under the Burford doctrine, thereby not reaching the merits of [the plaintiffs'] arguments, it would be neglecting its duty to ensure that the federal law requirements are complied with, and it would deny Plaintiffs a forum for their citizen

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER      1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

enforcement suit.'" 2011 WL 3874576, at *21 (quoting Coal-Mac, Inc., 775 F.Supp.2d at 917). Here, because the plaintiffs' claims are properly characterized as an ordinary citizen suit brought pursuant to the CWA, the Court **DENIES** Mon Power's motion to dismiss this case on Burford abstention grounds.

**IV.**

In the alternative, Mon Power requests that the Court stay the proceedings in this case pending the outcome of the rulemaking process. A motion to stay is committed to the sound discretion of the district court. Gisper v. Simplicity, Inc., No. 5:10-CV-21, 2011 WL 128776, at *3 (N.D. W. Va. Jan. 14, 2011); see also Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936). Relevant factors for the Court's consideration include "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." Tolley v. Monsanto Co., 591 F.Supp.2d 837, 844 (S.D. W. Va. 2008).

Here, the rulemaking procedure undertaken by the defendant is steeped in uncertainty. The process could take any number of

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER**     **1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

months, and Mon Power's ultimate likelihood of success is unpredictable at best. Such a nebulous and potentially lengthy stay would essentially excuse Mon Power from complying with the legal requirements of its current permit and cause significant prejudice to the plaintiffs, who seek injunctive relief in addition to statutory damages. Moreover, it would contravene the purpose of the CWA to indefinitely stay a citizen suit when the statutory conditions precedent for filing such a suit are satisfied. See generally St. Bernard Citizens for Environmental Quality, Inc. v. Chalmette Refining, L.L.C., 348 F.Supp.2d 765, 767-68 (E.D. La. 2004) (declining to stay CAA case because the plaintiffs had met the statutory requirements and to do so would "interfere with Congress's allocation of resources"). Accordingly, the Court **DENIES** Mon Power's motion to stay this case.

**V.**

In conclusion, for the reasons discussed, the Court **GRANTS** the plaintiffs' motion to amend their complaint (dkt. no. 22), **GRANTS** the plaintiffs' motion to substitute a first corrected amended complaint (dkt. no. 28), **DENIES** the defendant's motion to dismiss

15

**WEST VIRGINIA HIGHLANDS, ET AL. v. MONONGAHELA POWER        1:11cv71**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND COMPLAINT  [DKT. NO. 22] AND
MOTION TO SUBSTITUTE FIRST CORRECTED AMENDED COMPLAINT
DKT. NO. 28] AND DENYING DEFENDANT'S MOTION TO DISMISS OR
ISSUE A STAY [DKT. NO. 11] AND MOTION TO DISMISS [DKT. NO. 30]**

based on abstention or, alternatively, issue a stay (dkt. no. 11), and **DENIES WITHOUT PREJUDICE** the defendant's motion to dismiss (dkt. no. 30).

The Court directs the Clerk of Court to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: January 3, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE